IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| HERITAGE HOME GROUP, LLC, *et al.*, | : | Case No. 18-11736-KG |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| SB360 CAPITAL PARTNERS, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. 19-50197-KG |
| | : | |
| ALFRED T. GIULIANO, TRUSTEE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant PNC Bank, National Association ("Defendant") answers Plaintiff's Complaint as follows.

### NATURE OF THE ACTION

1. Denied.

2. Denied.

### JURISDICTION AND VENUE

3. The allegations contained in Paragraph 3 of the Complaint state a legal conclusion to which no response is required; to the extent that a response is required, Defendant denies the allegations.

4. The allegations contained in Paragraph 4 of the Complaint state a legal conclusion to which no response is required; to the extent that a response is required, Defendant denies the allegations.

5. The allegations contained in Paragraph 5 of the Complaint state a legal conclusion to which no response is required; to the extent that a response is required, Defendant denies the allegations.

6. The allegations contained in Paragraph 6 of the Complaint state a legal conclusion to which no response is required; to the extent that a response is required, Defendant denies the allegations.

**PARTIES**

7. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and therefore denies same. By way of further answer, the allegations are denied as stated because the referenced document is a writing that speaks for itself.

8. Admitted only that Heritage Home Group, LLC is the lead debtor in these chapter 7 cases. The remaining allegations of Paragraph 8 of the Complaint are denied as stated.

9. Admitted.

10. Denied as stated. By way of further answer, Defendant states that it maintains a business address at 300 Fifth Avenue, Pittsburgh, Pennsylvania.

**FACTUAL BACKGROUND**

11. Admitted.

12. Denied as stated because the referenced document is a writing that speaks for itself.

13. Admitted.

14. Admitted only that this Court entered the referenced Final Approval Order. The remaining allegations in Paragraph 14 of the Complaint are denied as stated.

15. Denied as stated.

16. Denied as stated because the referenced document is a writing that speaks for itself.

17. Denied.

18. Denied.

19. Denied as stated because the referenced documents are writings that speak for themselves.

20. Denied as stated because the referenced documents are writings that speak for themselves.

21. Denied.

22. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and therefore denies same.

23. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore denies same.

24. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and therefore denies same.

25. Denied as stated.

26. Denied as stated.

27. Denied as stated.

28. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and therefore denies same.

29. Denied as stated because the referenced document is a writing that speaks for itself.

30. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and therefore denies same.

31. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and therefore denies same.

32. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore denies same.

33. Denied as stated.

34. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and therefore denies same.

35. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and therefore denies same.

36. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and therefore denies same.

37. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and therefore denies same.

38. The allegations contained in Paragraph 38 of the Complaint state a legal conclusion to which no response is required; to the extent that a response is required, Defendant denies the allegations

39. The allegations contained in Paragraph 39 of the Complaint state a legal conclusion to which no response is required; to the extent that a response is required, Defendant denies the allegations.

40. The allegations contained in Paragraph 40 of the Complaint state a legal conclusion to which no response is required; to the extent that a response is required, Defendant denies the allegations

41. Denied. By way of further answer, Defendant denies any liability to Plaintiff.

42. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and therefore denies same.

43. Denied as stated.

44. Denied.

45. Denied.

46. Denied as stated because the referenced documents are writings that speak for themselves.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Admitted only that Defendant sent a Notice of Default to the Debtors. The remaining allegations are denied.

57. Denied as stated because the referenced documents are writings that speak for themselves.

58. Denied as stated because the referenced documents are writings that speak for themselves.

59. Denied as stated because the referenced documents are writings that speak for themselves.

60. Denied as stated because the referenced documents are writings that speak for themselves.

61. Denied.

62. Denied as stated because the referenced documents are writings that speak for themselves.

63. Denied as stated because the referenced documents are writings that speak for themselves.

64. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and therefore denies same.

65. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65of the Complaint and therefore denies same.

66. Denied as stated because the referenced documents are writings that speak for themselves.

67. Denied as stated because the referenced documents are writings that speak for themselves.

68. Admitted.

69. Denied.

70. Denied as stated because the referenced documents are writings that speak for themselves.

71. Denied as stated because the referenced documents are writings that speak for themselves.

72. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint and therefore denies same.

73. Denied.

74. Denied.

75. Denied as stated because the referenced documents are writings that speak for themselves.

76. Denied.

77. Denied.

### First Cause of Action – Breach of Contract Against Debtors

78. Defendant incorporates the above responses as if set forth fully herein.

79. The allegations contained in Paragraph 79 of the Complaint are not directed to Defendant; therefore, no response is required. To the extent a response is required, they are denied.

80. The allegations contained in Paragraph 80 of the Complaint are not directed to Defendant; therefore, no response is required. To the extent a response is required, they are denied.

81. The allegations contained in Paragraph 81 of the Complaint are not directed to Defendant; therefore, no response is required. To the extent a response is required, they are denied.

82. The allegations contained in Paragraph 82 of the Complaint are not directed to Defendant; therefore, no response is required. To the extent a response is required, they are denied.

83. The allegations contained in Paragraph 83 of the Complaint are not directed to Defendant; therefore, no response is required. To the extent a response is required, they are denied.

84. The allegations contained in Paragraph 84 of the Complaint are not directed to Defendant; therefore, no response is required. To the extent a response is required, they are denied.

85. The allegations contained in Paragraph 85 of the Complaint are not directed to Defendant; therefore, no response is required. To the extent a response is required, they are denied.

86. The allegations contained in Paragraph 86 of the Complaint are not directed to Defendant; therefore, no response is required. To the extent a response is required, they are denied.

**Second Cause of Action – Tortious Interference with Contract (PNC)**

87. Defendant incorporates the above responses as if set forth fully herein.

88. Denied as stated because the referenced document is a writing that speaks for itself.

89. Denied as stated because the referenced documents are writings that speak for themselves.

90. Denied as stated because the referenced documents are writings that speak for themselves.

91. Denied as stated because the referenced documents are writings that speak for themselves. By way of further answer, Defendant acted in accordance with the terms of the relevant pre- and post-petition loan documents.

92. Denied as stated because the referenced document is a writing that speaks for itself.

93. Denied as stated because the referenced documents are writings that speak for themselves.

94. Denied as stated because the referenced document is a writing that speaks for itself.

95. Denied.

96. Denied.

### Third Cause of Action – Declaratory Judgment

97. Defendant incorporates the above responses as if set forth fully herein.

98. The allegations contained in Paragraph 98 of the Complaint state a legal conclusion to which no response is required; to the extent that a response is required, Defendant denies the allegations.

99. Denied as stated because the referenced document is a writing that speaks for itself.

100. Denied as stated.

101. The allegations contained in Paragraph 101 of the Complaint state a legal conclusion to which no response is required; to the extent that a response is required, Defendant denies the allegations.

102. The allegations contained in Paragraph 102 of the Complaint state a legal conclusion to which no response is required; to the extent that a response is required, Defendant denies the allegations.

103. The allegations contained in Paragraph 103 of the Complaint state a legal conclusion to which no response is required; to the extent that a response is required, Defendant denies the allegations.

104. The allegations contained in Paragraph 104 of the Complaint state a legal conclusion to which no response is required; to the extent that a response is required, Defendant denies the allegations.

105. The allegations contained in Paragraph 105 of the Complaint state a legal conclusion to which no response is required; to the extent that a response is required, Defendant denies the allegations.

**Fourth Cause of Action – Declaratory Judgment**

106. Defendant incorporates the above responses as if set forth fully herein.

107. The allegations contained in Paragraph 107 of the Complaint state a legal conclusion to which no response is required; to the extent that a response is required, Defendant denies the allegations.

108. The allegations contained in Paragraph 105 of the Complaint state a legal conclusion to which no response is required; to the extent that a response is required, Defendant denies the allegations.

109. The allegations contained in Paragraph 109 of the Complaint state a legal conclusion to which no response is required; to the extent that a response is required, Defendant denies the allegations.

110. The allegations contained in Paragraph 110 of the Complaint state a legal conclusion to which no response is required; to the extent that a response is required, Defendant denies the allegations.

111. The allegations contained in Paragraph 111 of the Complaint state a legal conclusion to which no response is required; to the extent that a response is required, Defendant denies the allegations.

### Fifth Cause of Action – Conversion

112. Defendant incorporates the above responses as if set forth fully herein.

113. The allegations contained in Paragraph 113 of the Complaint state a legal conclusion to which no response is required; to the extent that a response is required, Defendant denies the allegations.

114. Denied.

115. Denied.

### DEFENDANT'S AFFIRMATIVE DEFENSES AND RESERVATION OF RIGHTS

Defendant reserves the right to assert all applicable defenses to the claims asserted in the Complaint. As Defendant has not yet obtained discovery from Plaintiff or third parties, Defendant reserves the right to amend or otherwise supplement this Answer, including the defenses set forth herein, as may be appropriate. Without limiting the generality of the foregoing, and without regard as to whether the defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c) and Fed. R. Bankr. P. 7008, and without conceding that any such defenses must be set forth in this Answer, Defendant asserts the following:

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012, because Plaintiff contracted with the Debtors, not Defendant.

## SECOND DEFENSE

Defendant acted in accordance with the terms of the relevant pre- and post-petition loan documents and Orders of this Court approving same.

## THIRD DEFENSE

Any commissions that may be due to Plaintiff were not required to be held in trust or segregated for the benefit of Plaintiff.

## FOURTH DEFENSE

Any sale proceeds were deposited in Debtors' bank account and not transferred directly to Defendant.

## FIFTH DEFENSE

Funds received by Defendant were the result of sweeps authorized by the relevant pre- and post-petition loan documents and Orders of this Court approving same, which Defendant relied on in good faith.

## SIXTH DEFENSE

Plaintiff may not surcharge Defendant's collateral.

## SEVENTH DEFENSE

To the extent Plaintiff has a lien or security interest on any property of the estate, it is subordinate to the senior liens and security interests of Defendant.

**EIGHTH DEFENSE**

Plaintiff is not entitled to prejudgment or post-judgment interest or attorneys' fees and costs.

**NINTH DEFENSE**

Plaintiff is not entitled to fees or commissions for insider sales made to its affiliate that remain unpaid by such affiliate.

WHEREFORE, having answered the Complaint fully, Defendant requests the Court enter judgment in favor of Defendant and against Plaintiff on all counts, and grant Defendant such other and further relief as may be just and equitable.

Dated:  May 15, 2019

        **BLANK ROME LLP**

By: _/s/ Stanley B. Tarr_
Stanley B. Tarr (DE No. 5535)
1201 Market Street, Suite 800
Wilmington, DE  19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
Email: tarr@blankrome.com

– and –

John Lucian (admitted *pro hac vice*)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Telephone: (215) 569-5500
Facsimile: (215) 569-5555
Email: lucian@blankrome.com

*Counsel for Defendant*
*PNC Bank, National Association*